No. 04-98-00973-CR


Juan Manuel BENAVIDES,


Appellant


v.


The STATE of Texas,


Appellee


From the 226th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-2618


Honorable Sid L. Harle, Judge Presiding


Opinion by: Alma L. López, Justice

Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice

Delivered and Filed: January 26, 2000

AFFIRMED

 On September 25, 1998, Juan Manuel Benavides pleaded guilty and judicially confessed to
an indictment charging him with committing aggravated assault with a deadly weapon on February
24, 1998. Benavides entered his guilty plea pursuant to a plea agreement in which the State opposed
probation and agreed to a 30 year cap on punishment. The trial court accepted Benavides's plea,
adjudicated him guilty, and sentenced Benavides to 20 years in prison.

 Benavides's court-appointed attorney has filed a brief in which he asserts that the record in
this case does not contain non-frivolous issues for appeal, and concludes that the appeal is frivolous
and without merit. See Anders v. California, 386 U.S. 738, 744 (1967); High v. State, 573 S.W.2d
807, 810 (Tex. Crim. App. 1978). The attorney has accordingly requested permission to withdraw
from the case. The attorney has also provided Benavides with a copy of the brief submitted to this
court and informed Benavides of his right to proceed pro se in this appeal. See Bruns v. State, 924
S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.). Benavides has not filed his own brief.

 After reviewing the record and the brief in this cause, we agree with the attorney that
Benavides's appeal is frivolous and without merit. Benavides entered into a plea agreement with the
State and the trial court sentenced him within the limits of the plea agreement. The record indicates
that Benavides entered his plea voluntarily and that he received effective assistance of counsel. As
a result, we affirm the judgment of the trial court. We further grant the attorney's motion to
withdraw. See Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.--San Antonio 1997, no pet.).


 Alma L. López, Justice

DO NOT PUBLISH