MEMORANDUM OPINION




Nos. 04-02-00654-CR, 04-02-00655-CR, 04-02-00656-CR, 04-02-00657-CR, 

04-02-00658-CR, 04-02-00659-CR, 04-02-00660-CR


James Enoch BANKS,


Appellant



v.



The STATE of Texas,


Appellee



From the 379th Judicial District Court of Bexar County, Texas


Trial Court Nos. 2001-CR-5497, 2001-CR-5498, 2001-CR-5499, 2001-CR-5500, 

2001-CR-5501, 2001-CR-5502, 2001-CR-5503

Honorable Bert Richardson, Judge Presiding



Per Curiam


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 10, 2003


MOTION TO WITHDRAW GRANTED; AFFIRMED

 Appellant James Enoch Banks was indicted for seven felony offenses of aggravated
robbery. He pled guilty to each offense and was sentenced to twenty-eight years'
imprisonment. Banks' appellate attorney filed a brief in which counsel concludes this appeal
is frivolous and without merit, as well as a motion to withdraw.

 Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738 (1967),
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969). Specifically, counsel states Banks was provided with a copy of the
brief and motion to withdraw and was further informed of his right to review the record and file
his own brief if he wished. Banks has done so, filing a pro se appellate brief with this Court.

 In his pro se brief, Banks contends that he is entitled to either a new trial or a reversal
of his convictions because: (1) he did not enter his guilty plea freely and willingly; (2) the
evidence is insufficient to support his convictions; and (3) he received ineffective assistance
of counsel. Because the issues raised in Banks' pro se brief involve the application of well-settled principles of law, we affirm his conviction in this memorandum opinion under Tex. R.
App. P. 47.4 for the following reasons:

 1. In his brief, Banks claims he was physically coerced into making his confession by
his attorney and the district attorney, that he was under the influence of drugs and in a
schizophrenic state at the time he made the confession, and that he does not remember the
police interview or being read his Miranda rights. Although Banks points to a portion of his
sentencing hearing wherein he claims not to remember the details of his crimes, his testimony
indicates that he remembers writing the statement. He also admits the statement is in his
handwriting. In addition, Banks fails to introduce evidence that he was coerced into confessing
or that his constitutional rights were violated. We overrule his first issue.

 2. Banks claims that the physical identifications of him given by several witnesses vary
to such a degree that there is insufficient evidence to support his convictions. We overrule
Banks' challenge to the sufficiency of the evidence because he stipulated to the admission of
certain evidence, including his written confession to aggravated robbery. Banks' admission is
legally and factually sufficient to support his conviction. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

 3. We overrule Banks' ineffective assistance of counsel challenge because he fails to
present evidence demonstrating defense counsel's performance fell below an objective
standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

 Based on the foregoing, we agree with Banks' attorney that the appeal is frivolous and
without merit. The judgment of the trial court is affirmed. Furthermore we grant the motion 

to withdraw filed by Banks' counsel. See Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.
App.--San Antonio 1996, no pet.)

 Per Curiam


Do Not Publish