MEMORANDUM OPINION



No. 04-03-00204-CR



Augustine RODRIGUEZ,


Appellant



v.



STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-5075


Honorable Philip A. Kazen, Jr., Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 

Delivered and Filed: January 14, 2004


MOTION TO WITHDRAW GRANTED; AFFIRMED


 Pursuant to a plea bargain, Augustine Rodriguez pled nolo contendere to the offense
of burglary with intent to commit arson. The trial court sentenced Rodriguez to fifteen years
imprisonment and a $1000 fine and signed a certificate stating that this "is a plea-bargain
case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a). After
Rodriguez timely filed a notice of appeal, the clerk sent copies of the certification and notice
of appeal to this court. See Tex. R. App. P. 25.2(e). The clerk's record containing the trial
court's Rule 25.2(a)(2) certification and the reporter's record have been filed. See Tex. R.
App. P. 25.2(d). Rodriguez's notice of appeal states that he was granted permission to appeal
and that the trial court did not follow the plea bargain. Rodriguez's court-appointed attorney
on appeal filed a brief in which counsel concludes this appeal is frivolous and without merit.
Counsel also filed a motion to withdraw.

 Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738 (1967),
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). Specifically, counsel states Rodriguez was provided with a
copy of the brief and motion to withdraw and was further informed of his right to review the
record (1) and file his own brief if he wished. Rodriguez filed a pro se brief which the court
has reviewed.

 "In a plea bargain case . . . a defendant may appeal only: (A) those matters that were
raised by written motion filed and ruled on before trial, or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a
written plea bargain, establishes that the punishment assessed by the court does not exceed
the punishment recommended by the prosecutor and agreed to by Rodriguez. See Tex. R.
App. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial
nor does it indicate the trial court granted Rodriguez permission to appeal. The trial court's
certification therefore appears to accurately reflect that this is a plea bargain case and
Rodriguez does not have the right to appeal. Tex. R. App. P. 25.2(d).

 In his pro se brief, Rodriguez complains he received ineffective assistance of counsel
because he did not have counsel at either of his initial docket call appearances. Rodriguez
does not detail any adversarial exchange between himself and the court or prosecutor for
which he needed the advice and assistance of counsel. It appears these initial appearances
were simply to call the case and determine whether Rodriguez was entitled to appointed
counsel. Trial counsel was subsequently appointed. Rodriguez also claims trial counsel was
ineffective because she did not file some unspecified motions and she did not spend much
time with Rodriguez discussing his case. Rodriguez does not say how this failure prejudiced
him in his decision to enter into the plea bargain or in his presentation of mitigating evidence
at the sentencing hearing. Rodriguez also complains he was not allowed to introduce some
unspecified evidence. Finally, Rodriguez complains that his attorney failed to file a motion
to keep out a finding of a deadly weapon. There is no mention of a deadly weapon at either
the plea or sentencing hearing, and no such finding is made in the judgment. It is not clear
why Rodriguez thinks a weapon finding was made. None of these matters are issues which
Rodriguez is permitted to appeal under rule 25.2. Additionally, Rodriguez presents no
argument as to how his defense might have been damaged by the alleged errors. 

 We have reviewed the record, counsel's brief, and Rodriguez's pro se brief, and agree
the appeal is frivolous and without merit. The judgment of the trial court is affirmed.
Furthermore, we grant the motion to withdraw filed by Rodriguez's counsel. See Bruns v.
State, 924 S.W.2d 176, 177 n.1 (Tex. App.-San Antonio 1996, no pet.).

 PER CURIAM

Do Not Publish
1. [1] Counsel is reminded that she should detail the procedure for obtaining the record from the District Clerk's office.
See Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.).