Fred ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00095–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 28, 1994.

Decided Dec. 14, 1994.

Cornelia A. Hartman, Houston, for appellant.

John B. Holmes, Dist. Atty., Kim Stelter, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Fred Anderson was convicted of delivery of a simulated controlled substance. His punishment, enhanced by two prior convictions, was set at twenty-five years' imprisonment.

Anderson raises two points of error in which he contends that the evidence presented was both legally and factually insufficient to support the jury's verdict.

There is no dispute about the facts surrounding Anderson's arrest. An undercover officer, Frank Benavides, was driving an unmarked police car on Dashwood Street as part of a narcotics investigation. He saw Anderson in front of an apartment complex sitting on a brick wall. The officer stopped in front of Anderson, and Anderson came up to the passenger side door of the vehicle. Benavides told Anderson that he was "looking for a 20." Anderson asked him, "Twenty of what." Benavides replied, "Twenty dollar rock of crack cocaine." Anderson replied, "Hold on," then walked back to the brick wall, bent over and picked up an object from the ground, and handed it to Benavides. Benavides gave Anderson a twenty dollar bill.

The transaction occurred at approximately 11:00 p.m. This fact is relevant because after Benavides drove away, he attempted to field test the object and he discovered that it was not a rock of crack cocaine, but was a piece of rock or shell. The officer radioed a description of Anderson and his clothing. Anderson was picked up immediately thereafter by another officer in a marked patrol car. The twenty dollar bill was still in his possession.

 Anderson has challenged the evidence as being both legally and factually insufficient to support his conviction. In determining whether evidence is legally sufficient to support a judgment, we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). Our exclusive fact jurisdiction under the constitution both permits and requires us to review the factual sufficiency when sufficiency of the evidence is challenged on appeal. *See Bigby v. State,* 892 S.W.2d 864 (Tex. Crim.App.1994); *White v. State,* 890 S.W.2d 131 (Tex.App.—Texarkana 1994, no pet. h.); *Stone v. State,* 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). In determining whether the evidence is factually sufficient, we must decide, after considering all the relevant evidence, whether the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Crim.App.1990). In our review of the evidence, we are mindful that the trier of fact is the exclusive judge of the credibility of the witnesses and may reject any or all of any witness's testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. [Panel Op.] 1981).

Anderson was convicted under TEX. HEALTH & SAFETY CODE ANN. § 482.002(a)(2),[1] which provides:

(a) A person commits an offense if the person knowingly or intentionally ... delivers a simulated controlled substance and the person:

. . . . .

(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance. . . .

The Health and Safety Code also provides evidentiary rules for analyzing a case of this type.

(a) In determining whether a person has represented a simulated controlled substance to be a controlled substance in a manner that would lead a reasonable person to believe the substance was a controlled substance, a court may consider, in

1. Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 2.03, 1993 Tex.Gen.Laws 3712.

addition to all other logically relevant factors, whether:

(1) the simulated controlled substance was packaged in a manner normally used for the delivery of a controlled substance;

(2) the delivery or intended delivery included an exchange of or demand for property as consideration for delivery of the substance and the amount of the consideration was substantially in excess of the reasonable value of the simulated controlled substance; and

(3) the physical appearance of the finished product containing the substance was substantially identical to a controlled substance.

TEX.HEALTH & SAFETY CODE ANN. § 482.003 (Vernon 1992).

The evidence shows that Officer Benavides specifically asked Anderson for a twenty-dollar rock of cocaine. There is evidence that Anderson told him to "hold on," then turned and retrieved something and gave it to Benavides, for which he received $20.00.

Anderson contends that the State failed to prove the element of the offense requiring that a person deliver a simulated controlled substance. He contends that the State's proof was deficient because the substance was not simulated so that it reasonably appeared to be cocaine, his conduct was not the kind that would lead a reasonable person to believe the substance was a controlled substance, and there is no proof that he either knowingly or intentionally committed the offense.

We consider the evidentiary factors provided by the Code. The rock was not packaged in any way. It was exchanged for $20.00, a sum substantially in excess of its actual value. Anderson did not expressly state that the substance was cocaine, but his delivery of the item, in direct and immediate response to a request for a rock of cocaine and after saying "hold on," is sufficient to show that he represented, by his conduct, the substance to be a rock of cocaine in a manner that would lead a reasonable person to believe that it was a rock of cocaine.

Anderson also contends that the rock or pebble that he delivered is not substantially identical to a rock of cocaine. Substantial identity is one of the evidentiary factors to be considered, but it is not necessarily dispositive. Officer Benavides testified that he had been involved in eighty to ninety cocaine purchases, and when he received the substance from Anderson he believed it was cocaine. The reasonable inference to be drawn from the officer's testimony is that the item looked like a rock of crack cocaine to him, and he believed it to be so until he tried to conduct the field test on it. Moreover, we have the rock, as an original exhibit, as a part of the record on appeal. Viewing the exhibit, we conclude that the trial court could find that it is substantially identical in appearance to a rock of crack cocaine. The rock in question here looks substantially like the verbal descriptions of crack cocaine that we have seen in expert testimony, and we conclude that the substance is not so dissimilar to a rock of crack cocaine that the officer's testimony of similar appearance is deprived of credibility, as Anderson argues.

We find the evidence both legally and factually sufficient to support the judgment. The judgment is affirmed.

