**Freddie Lard BRUNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00665–CR.**

Court of Appeals of Texas,
San Antonio.

April 17, 1996.

Freddie Lard Bruns, Cotulla, Pro Se.

Frank Follis, Assistant District Attorney, Seguin, for Appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

RICKHOFF, Justice.

This appeal arises from a conviction for delivery of a simulated controlled substance. Punishment was enhanced by a prior aggravated assault conviction and assessed at twenty years imprisonment.

 The initial Brief of Appellant contained the following statement:

> Counsel for Appellant does not believe that the record contains reversible error. However, two points of error are raised which have an arguable basis.

This statement caused us to question whether counsel for appellant intended to file the brief in an effort to comply with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The procedural quagmire created by this statement resulted in the issuance of two orders and a significant delay in the issuance of this opinion.[1] Never-

---

1. In light of the confusion and delays which arose in this case, we use this case to clarify our understanding of the procedural requirements dictated by *Anders* and our interpretation thereof. For this purpose, we adopt the procedure set forth in *Johnson v. State*, 885 S.W.2d 641, 645–648 (Tex.App.—Waco 1994, pet. ref'd) as further explained in *Mays v. State*, 904 S.W.2d 920, 923 (Tex.App.—Fort Worth 1995, no pet.).

If a court-appointed attorney determines an appeal to be frivolous, the attorney shall file a motion requesting permission to withdraw. Accompanying that motion shall be an *Anders* brief and an exhibit showing the attorney sent a copy of the motion and brief to the defendant and informed him of his right to review the record and file a pro se brief. We adopt the suggestion of the Waco court in *Johnson* that the attorney not only inform the defendant of his right to review the record but explain "the details of the procedure to be used in the particular court of conviction to gain access to the record." 885 S.W.2d at 647 n. 2.

The court of appeals will then review the brief, and if it determines that the brief complies with the requirements of *Anders*, the motion to withdraw will be granted. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). If the

theless, having reviewed the Brief of Appellant filed by appointed counsel, the appellant's pro se brief and supplemental brief and the record before us, we find the appeal is frivolous and find none of the legal points of error arguable on their merits.

Two points of error were raised in the initial brief contending: (1) the trial court erred in denying a mistrial based on the prosecutor's improper reference to other drug sales in final argument; and (2) the evidence is insufficient because no reasonable person would believe the substance in question was a controlled substance. Appellant raised three additional points in his pro se brief contending: (1) the indictment was invalid; (2) the trial court judge should have been disqualified; and (3) the trial court erred in ordering consecutive sentences.

### 1. Improper Argument

■ Appellant argues a mistrial should have been granted after the prosecutor made the following statement in final argument:

So, you know, first of all, he is a person whose credibility may be in question. You know secondly he is a long-time drug user. This is not some foreign instance; this isn't like someone accusing you all of a sudden on one occasion of selling drugs; something that would be so different from your background and your character that it would raise a question. That is not—

Defense counsel's objection that the comment improperly suggested that appellant made a living selling drugs was sustained. No request was made for an instruction to disregard; however, defense counsel's motion for a mistrial was denied.

■ The proper procedure for pursuing an objection to preserve error for appellate review is to (1) object; (2) request an instruction to disregard; and (3) move for a mistrial. *Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984); *Brooks v. State,* 642

S.W.2d 791, 798 (Tex.Crim.App.1982). An instruction to disregard generally cures any error committed by an improper statement. *Brooks,* 642 S.W.2d at 798. In the instant case, appellant failed to preserve error by not requesting an instruction since such an instruction would have cured any error resulting from the prosecutor's statement.

### 2. Sufficiency of the Evidence

■ Appellant additionally contends the evidence was insufficient to support his conviction because the informant to whom appellant sold the simulated controlled substance knew the substance was not a controlled substance.

■ In determining the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). In determining the factual sufficiency of the evidence, we view all the evidence to determine whether the judgment is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

Appellant's indictment charged that he knowingly and intentionally delivered a simulated controlled substance representing it to be cocaine in a manner that would lead a reasonable person to believe the substance was cocaine. Such an act constitutes an offense under section 482.002(a)(2) of the Texas Health and Safety Code. *Tex.Health & Safety Code Ann.* § 482.002(a)(2) (Vernon Supp.1996). Section 482.003(a) sets out certain factors a court may consider in determining whether a representation would lead a reasonable person to believe the substance was a controlled substance:

motion is granted, the appellant will then have thirty days following the granting of the motion to either file a pro se brief or a motion for extension of time. *See Johnson,* 885 S.W.2d at 647 & n. 3. After the filing of the pro se brief, or the lapse of time allowed for such filing, the court of appeals will independently review the

record and determine whether there are arguable grounds for the appeal. *Stafford,* 813 S.W.2d at 511. If the court determines that there are legal points arguable on the merits, the appeal will be abated for the trial court to appoint new counsel to assist the indigent with briefing such points.

(1) the simulated controlled substance was packaged in a manner normally used for the delivery of a controlled substance;

(2) the delivery or intended delivery included an exchange of or demand for property as consideration for delivery of the substance and the amount of the consideration was substantially in excess of the reasonable value of the simulated controlled substance; and

(3) the physical appearance of the finished product containing the substance was substantially identical to a controlled substance.

TEX.HEALTH & SAFETY CODE ANN. § 482.003(a)(1)–(3) (Vernon 1992).

The facts in the instant case are substantially similar to the facts in *Anderson v. State*, 895 S.W.2d 756 (Tex.App.—Texarkana 1994, no pet.). In that case, an undercover officer stopped his car in front of an apartment complex where the defendant, Anderson, was sitting on a brick wall. *Id.* at 757. The officer told Anderson he was looking for a twenty dollar rock of crack cocaine. *Id.* Anderson told the officer to "hold on" and "walked back to the brick wall, bent over, picked up an object from the ground, and handed it to [the officer]." *Id.* The officer gave Anderson twenty dollars. *Id.* The court applied the factors set forth in section 482.003(a) and held the evidence to be both legally and factually sufficient. *Id.* at 758.

■ In the instant case, the substance was packaged in a cellophane cigarette wrapper which the informant testified is a common way to package rock cocaine. The substance was exchanged for $20.00, which was substantially in excess of its actual value. The substance was a white rock-like substance, and appellant told the informant it was "dope." Therefore, each of the factors in section 482.003(a) was met. The fact that the informant saw appellant appear to pick something up from the parking lot and was concerned about whether the substance was in fact cocaine does not defeat the sufficiency of the evidence that the representation would lead a reasonable person to believe the substance was cocaine. *See Anderson v. State*, 895 S.W.2d at 758.

### 3. Indictment

■ Appellant contends the indictment was invalid because the state failed to follow the procedures set forth in TEX.CODE CRIM. PROC.ANN. arts. 20.19–20.22 (Vernon 1977 & Supp.1996). It is well-established that the requirements in articles 20.19 and 20.20 relating to the preparation of a memorandum by the grand jury foreman and the indorsement of witnesses are merely directory despite the use of the word "shall" therein. *Jenkins v. State*, 468 S.W.2d 432, 435 (Tex. Crim.App.1971); *Douglas v. State*, 739 S.W.2d 660, 661–62 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); *Black v. State*, 735 S.W.2d 897, 899 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). The indictment reflects that it was presented by the grand jurors and was signed by the foreman. The indictment complies with the requisites of TEX.CODE CRIM.PROC.ANN. art. 21.02 (Vernon 1989). Appellant's contention is without merit.

### 4. Disqualification

■ Appellant argues the trial judge should have been disqualified because he served as counsel for the state on the revocation of his probation for the enhancement offense. There is no merit to this argument. *See Hathorne v. State*, 459 S.W.2d 826, 829 (Tex.Crim.App.1970), *cert. denied*, 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971); *Madden v. State*, 911 S.W.2d 236, 240 (Tex. App.—Waco 1995, pet. ref'd); *O'Dell v. State*, 651 S.W.2d 48, 50–51 (Tex.App.—Fort Worth 1983, pet. ref'd).

### 5. Consecutive Sentences

■ Appellant's final complaint is the trial court erred in "stacking" appellant's sentences. Appellant argues his sentence for delivery of a simulated controlled substance should run concurrently with his sentence for aggravated assault for which his probation was revoked. The trial court clearly had the authority to order consecutive sentences, and this complaint is without merit. *See* TEX. CODE CRIM.PROC.ANN. art. 42.08(a) (Vernon Supp.1995).

## CONCLUSION

We have made our own careful examination of the record to determine if there are other arguable grounds to support this appeal. We find no additional grounds.[2] The judgment of the trial court is affirmed.

---

**2.** Having found no legal points arguable on the merits, appellant's Request for Appointment of Counsel is denied.