No. 04-97-00797-CR



EX PARTE Mary Jane FLORES


 





From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 94-CR-6456


Honorable Mary Román, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Catherine Stone, Justice 

 Sarah B. Duncan, Justice


Delivered and Filed: August 5, 1998


AFFIRMED


 In this habeas corpus appeal, Flores alleges a violation of her right not to face double
jeopardy. Appellant's first conviction, for murder in 1995, was reversed due to prosecutorial
misconduct. See Flores v. State, 940 S.W.2d 189 (Tex. App.--San Antonio 1996, no pet.). Appellant's court-appointed appellate attorney filed a brief in which he raises one arguable
point of error, whether double jeopardy principles bar retrial of Flores following reversal of her
conviction because prosecutors suppressed exculpatory evidence. The Texas Court of Criminal
Appeals recently held that retrial following a reversal due in part to prosecutorial misconduct does
not present a constitutional claim of double jeopardy. See Ex parte Davis, 957 S.W.2d 9 (Tex. Crim
App. 1997), cert. denied, 118 S. Ct. 1307 (1998).

 Counsel concludes that this appeal is frivolous and without merit. Anders v. California, 386
U.S. 738 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that
appellant was provided with a copy of the brief and informed of her right to review the record and
file her own brief. Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.).
Flores did not file a pro se brief.

 We have reviewed the record and counsel's brief. We agree that the appeal is frivolous and
without merit. The judgment of the trial court is affirmed. Furthermore, we GRANT counsel's
motion to withdraw. See Nichols v. State, No. 04-97-00030-CR (Tex. App.--San Antonio July 23,
1997); Bruns 924 S.W.2d at 177, n.1.

 PER CURIAM

DO NOT PUBLISH



Return to
4th Court of Appeals Opinions