Nos. 04-98-01052-CR & 04-98-01053-CR

Eduardo PRADO, Jr.,

Appellant

v.

The STATE of Texas,

Appellee

From the 175th Judicial District Court, Bexar County, Texas

Trial Court Nos. 97-CR-0920 & 98-CR-2381-A

Honorable Mary Roman, Judge Presiding

Opinion by: Catherine Stone, Justice

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and Filed: October 27, 1999


JUDGMENT 97-CR-0920 AFFIRMED; JUDGMENT 98-CR-2381-A DISMISSED FOR LACK
OF JURISDICTION

 Eduardo Prado pled guilty to the offense of possession of cocaine. Pursuant to a plea bargain,
the trial court suspended his sentence, and placed him on probation for ten years. The State later
moved to revoke Prado's probation, alleging several violations of probation. Specifically, the State
brought forth one count of possession of cocaine and another count of possession with intent to
deliver. At the probation revocation hearing, Prado pled true to possession of cocaine. The trial
court entered two judgments - one revoking Prado's probation and imposing a seven-year sentence
for his original conviction (97-CR-0920), and another for the subsequent possession of cocaine (98-CR-2381-A).

 Related to the judgment revoking Prado's probation in cause number 97-CR-0920, Prado's
counsel filed an Anders brief in which she does not present points of error. After a review of the
entire record, counsel concluded that the appeal is frivolous and without merit. See Anders v.
California, 386 U.S. 768 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Prado was
provided with a copy of the brief and informed of his right to proceed as a pro se in the appeal. See
Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.App.-San Antonio 1996, no pet.). Prado has not filed
his own brief. We have reviewed the record and counsel's brief. We agree that the appeal is
frivolous and without merit. The judgment of the trial court is affirmed. We grant counsel's motion
to withdraw.

 Prado entered into a plea bargain with regard to his subsequent cocaine conviction in cause
number 98-CR-2381-A. Under the terms of the plea bargain, Prado pled true to possession in
exchange for a seven-year sentence and $2,000 fine. However, the judgment recited that Prado pled
true to possession with intent to deliver. Both the State and Prado agree that Prado was convicted
on possession alone. According to Tex. R. App. P. 25.2(b)(3), where the punishment assessed at a
plea of guilty or nolo contendere falls within the range recommended by the prosecution and agreed
to by the defendant, "[a] defendant's 'general' notice of appeal confers no jurisdiction on a Court
of Appeals to address the nonjurisdictional defects or errors that occur before or after entry of the
plea[.]" Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim.App. 1994). We may not exercise
jurisdiction over any such defects or errors unless appellant's notice of appeal indicates the trial court
either ruled on written pretrial motions or granted permission to appeal. Thus, we recommend in our
order of dismissal of cause number 98-CR-2381-A, that the court enter a judgment nunc pro tunc
to accurately reflect Prado's conviction. The judgment in cause number 97-CR-0920 (appellate
cause number 04-98-1052-CR) is affirmed. We dismiss the appeal in cause number 98-CR-2381-A
(appellate cause number 04-98-1053-CR) for want of jurisdiction.

 Catherine Stone, Justice

DO NOT PUBLISH