Nos. 04-02-00080-CR & 04-02-00081-CR



David Wallace LEWIS,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court Nos. A01-172 & A99-212


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: December 4, 2002


AFFIRMED

 In 1999, David Wallace Lewis pled guilty to the charge of aggravated assault with a knife,
and, in accordance with the terms of a plea bargain agreement, Lewis was placed on ten years
deferred adjudication community supervision. In 2001, Lewis was charged with aggravated assault
for hitting his ex-wife's teenage son in the forehead with a baseball bat, resulting in injuries that
required two major surgeries to repair. At a subsequent hearing on both offenses, Lewis pled true
to violating the conditions of his community supervision and guilty to the aggravated assault charge
involving his ex-wife's son. The trial court sentenced Lewis to twenty years imprisonment.

 Lewis's court-appointed attorney filed a brief in accordance with Anders v. California, 386
U.S. 738 (1967), in which she concludes that the appeals have no merit. Counsel provided Lewis
with a copy of the brief and informed him of his right to review the record and file his own brief. See
Nichols v. State, 954 S.W.2d 83, 85-86 (Tex. App.--San Antonio 1997, no pet.); Bruns v. State, 924
S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.). 

 In her Anders brief, Lewis's attorney raises a possible issue regarding ineffective assistance
of counsel, alleging that trial counsel could have asserted a defense based on Lewis's mental illness
rather than allowing Lewis to plead guilty to the second offense and true to violating the conditions
of his community supervision. Lewis's attorney acknowledges that the record is silent regarding trial
counsel's reasons for his strategy; therefore, the allegation of ineffective assistance is not firmly
founded in the record. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding
silent record cannot rebut presumption of reasonable professional assistance). In addition, we would
not have jurisdiction to consider this issue with regard to the appeal of the 1999 offense. See Tex.
R. App. P. 25.2(b)(3); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2002).

 We have reviewed the record and counsel's brief. We agree that the appeals are frivolous and
without merit. The judgments of the trial court are affirmed. Appellate counsel's motion to withdraw
is granted. Nichols v. State, 954 S.W.2d at 86; Bruns 924 S.W.2d at 177 n.1.



 Sandee Bryan Marion, Justice


DO NOT PUBLISH