MEMORANDUM OPINION




Nos. 04-03-00371-CR & 04-03-00372-CR



Leslie Wayne YOHEY,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court Nos. 1985-CR-3303 & 1985-CR-3304


Honorable Philip A. Kazen, Jr., Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: February 18, 2004


AFFIRMED

 Leslie Wayne Yohey ("Yohey) appeals the trial court's orders denying his motion for forensic
DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. Yohey's court-appointed
attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he
concludes that the appeals have no merit. Counsel provided Yohey with a copy of the brief and
informed him of his right to review the record and file his own brief. See Nichols v. State, 954
S.W.2d 83, 85-86 (Tex. App.--San Antonio 1997, no pet.); Bruns v. State, 924 S.W.2d 176, 177
n.1 (Tex. App.--San Antonio 1996, no pet.). Yohey filed a pro se brief. We have reviewed the
record in these appeals, counsel's brief, and Yohey's pro se brief. 

 Article 64.03(a)(1)(B)(2)(A) of the Texas Code of Criminal Procedure only permits a trial
court to order forensic DNA testing if the convicted person establishes by a preponderance of the
evidence that the person would not have been convicted if exculpatory results had been obtained
through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B)(2)(A) (Vernon Supp.
2003). The Texas Court of Criminal Appeals has interpreted that language as meaning a reasonable
probability exists that exculpatory DNA tests will prove a convicted individual's innocence. Kutzner
v. State, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002). 

 Yohey was convicted of murdering two people, namely his estranged wife, Terri Yohey, and
Craig T. Gooch. Evidence was presented that during the offense, Yohey fired a 9 millimeter gun
while his estranged wife fired a .22 caliber gun. Yohey wanted DNA testing performed on a .22
caliber bullet fragment recovered from a wall at the crime scene to establish that the wound to
Gooch's head, which was caused by a .22 caliber bullet, was the fatal wound. Yohey theorized that
this evidence would establish that the multiple bullet wounds from the 9 millimeter gun Yohey used
were not the cause of Gooch's death. However, during the DNA hearing, Yohey's attorney read the
following from the autopsy report: "it is our opinion that [Gooch] died as a result of multiple gun shot
wounds of [sic] the body, of [sic] a total of 14 entrance wounds were present. Seven full metal jacket
[sic] of approximately a nine millimeter caliber were recovered. Powder around a - presence of a
number of entrance wounds indicating close range firing. The bullets went through the brain, heart,
left lung, liver, spleen and bowel." Given that the autopsy report listed "multiple gun shot wounds
of the body" as the cause of death, the trial court did not err in concluding that Yohey failed to
establish that a reasonable probability existed that he would not have been prosecuted or convicted
based on the DNA test results from the bullet fragment.

 Based on the foregoing, we agree that the appeals are frivolous and without merit. The orders
of the trial court are affirmed. Appellate counsel's motions to withdraw are granted. Nichols v.
State, 954 S.W.2d at 86; Bruns 924 S.W.2d at 177 n.1.


 Alma L. López, Chief Justice


DO NOT PUBLISH