Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00844-CV

## IN THE MATTER OF F.S.B.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-JUV-01872
Honorable Carmen Kelsey, Judge Presiding[1]

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: July 9, 2008

DISMISSED FOR LACK OF JURISDICTION

F.S.B. entered into a plea bargain with the State on the State's Second Motion to Modify

Disposition and, along with his attorney, stipulated to the State's evidence. In accordance with the

terms of the plea bargain agreement, the trial court modified F.S.B.'s disposition and committed him

to the Texas Youth Commission. F.S.B's court-appointed attorney filed a brief containing a

professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967).

Counsel asserts that this court lacks jurisdiction to consider the appeal and, in the alternative,

concludes that the appeal has no merit. Counsel provided F.S.B. and his mother with a copy of the

---

[1]The Honorable Associate Judge Irma D. Hernandez presided over the hearing and recommended the orders to the Honorable Carmen Kelsey who entered them.

brief and informed them of their right to review the record and file their own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Neither F.S.B. nor his mother filed a *pro se* brief.

"A child who enters a plea or agrees to a stipulation of evidence ... may not appeal an order of the juvenile court entered under Section 54.03, 54.04, or 54.05 if the court makes a disposition in accordance with the agreement between the state and the child regarding the disposition of the case, unless: (1) the court gives the child permission to appeal; or (2) the appeal is based on a matter raised by written motion filed before the proceeding in which the child entered the plea or agreed to the stipulation of evidence." TEX. FAM. CODE ANN. § 56.01(n) (Vernon 2002). Compliance with section 56.01(n) is jurisdictional, and the failure to abide by its terms subjects an appeal to dismissal for want of jurisdiction. *In re R.J.D.*, No. 04-06-00495-CV, 2006 WL 3497671, at *1 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op.). Because nothing in this record indicates that the trial court gave F.S.B. permission to appeal or that his appeal is based on a written motion filed before F.S.B. entered his plea and stipulated to the evidence, we dismiss this appeal for lack of jurisdiction. Counsel's motion to withdraw is dismissed as moot.

Alma L. López, Chief Justice