



# MEMORANDUM OPINION

No. 04-08-00822-CR

Jonathan Harding **WINSTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 1998-CR-3838
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Rebecca Simmons, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   June 24, 2009

AFFIRMED

After entering a plea of nolo contendere on August 28, 1998, the trial court found

Appellant Jonathan Harding Winston guilty of the offense of possession with intent to deliver a

controlled substance.  The trial court subsequently sentenced Winston to ten years confinement

in the Institutional Division of the Texas Department of Criminal Justice, suspended and

probated for a term of ten years.  On October 7, 2008, after entering a plea of true to three counts

on the State's motion to revoke probation, the trial court revoked Winston's probation and

sentenced Winston to eight years confinement. Winston appeals the trial court's sentence on his revocation.

Winston's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Winston with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Winston did not file a pro se brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is, therefore, affirmed. Furthermore, we grant appellate counsel's motion to withdraw. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Winston wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebecca Simmons, Justice

Do Not Publish