Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00093-CR

John A. **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-5886
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: April 7, 2010

AFFIRMED

Appellant was found guilty of aggravated robbery, following which he filed a motion for DNA testing, which was denied. The trial court granted appellant permission to appeal from the denial of appellant's motion.

Appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating there are no arguable grounds to be advanced. Counsel concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386

U.S. 738 (1967). Appellant was informed of his right to review the record. Counsel provided defendant with a copy of the brief and advised him of his right to file a pro se brief. Appellant filed a pro se brief asserting the trial court erred in denying his motion for DNA testing.

A court of appeals has two options when an *Anders* brief and a subsequent pro se brief are filed. Upon reviewing the entire record, it may determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error or (2) that there are arguable grounds for appeal and remand the cause to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (holding that court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new counsel). We have carefully reviewed the entire appellate record, and we conclude there are no arguable grounds for appeal, there is no reversible error, and the appeal is wholly frivolous. *See id.*

Accordingly, we affirm the trial court's judgment, and we GRANT appellate counsel's motion to withdraw.[1] *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Sandee Bryan Marion, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.