

# Fourth Court of Appeals
## San Antonio, Texas

June 27, 2014

No. 04-14-00249-CV

**IN THE INTEREST OF N.M.G.**, A Child,

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-01311
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

Appellant's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. *See In re RR*, No. 04-03-00096-CV, 2003 WL 21157944 (Tex. App.—San Antonio May 21, 2003, order) (holding that *Anders* procedures apply to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.). Counsel certifies he has served copies of the brief and motion on appellant. However, although appellant's counsel informed appellant of his right to review the record and file his own brief, he neither provided appellant with a copy of the record nor did he explain to appellant the procedure for obtaining the record. *See Nichols v. State*, 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

This court has long held that counsel must explain to appellant to procedure for obtaining the records. *See Bruns*, 924 S.W.2d at 177 n.1). On June 25, 2014, the Texas Court of Criminal Appeals held, in the context of a criminal case, that an attorney who files an *Anders* brief "must take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes." *Kelly v. State*, No. PD-0207-13, 2014 WL 2865901 (Tex. Crim. App. June 25, 2014). To this end the court of criminal appeals held that counsel who files an *Anders* brief must notify his client that if he wishes to review the record, he should "immediately file a motion for pro se access to the appellate record with the applicable court of appeals." *Id.* Counsel should include in his notification to the client a form motion for this purpose, lacking only the appellant's signature and date, and provide the mailing address for the applicable court of appeals. *Id.* Counsel should also notify the court of appeals, in writing that he has notified appellant of his rights and provided the above-described form. *Id.* We advise appellant's counsel that the procedure outlines in *Kelly* should be followed not only in criminal cases, but in termination cases in which an *Anders* brief is filed.

In this case, the court has requested the clerk of this court send a hard copy of the entire record to appellant. If appellant desires to file a pro se brief, we **ORDER** that he do so on or

before **July 28, 2014**.  We further **order** the motion to withdraw filed by appellant's counsel is held in abeyance pending further order of the court.  The State has filed a notice waiving its right to file a brief in this case unless appellant files a pro se brief.  If appellant files a timely pro se brief, appellee may file a responsive brief no later than twenty days after appellant's pro se brief is filed in this court.

We **order** the clerk of this court to serve a copy of this order on appellant and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of June, 2014.

_____
Keith E. Hottle
Clerk of Court