

# Fourth Court of Appeals
## San Antonio, Texas

July 30, 2014

No. 04-14-00432-CR

Otto Ray **KIETZMAN**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2013W0631
Honorable Andrew Carruthers, Judge Presiding

# O R D E R

On February 28, 2014, appellant filed an amended application for writ of habeas corpus seeking relief from an extradition order. On March 14, 2014, the trial court signed an order denying relief, and appellant filed a timely notice of appeal from that order on March 18, 2014. On June 2, 2014, the trial court signed a second order denying relief, and appellant filed a timely notice of appeal from that order on June 11, 2014.

Appellate courts do not have jurisdiction to review a trial court's refusal to grant an application for a writ of habeas corpus; however, appellate courts may consider an appeal if the trial court conducts a hearing on appellant's application, and the trial court rules of the merits of the claim. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Because it appeared that the trial court only conducted a hearing with regard to the order signed on March 14, 2014, this court ordered appellant to show cause why his appeal from the trial court's order dated June 2, 2014 should not be dismissed for lack of jurisdiction. The order noted that if appellant failed to respond within the time provided, the appeal would proceed only with regard to the trial court's March 14, 2014 order. All other appellate deadlines were suspended pending further order of this court. On July 3, 2014, this court granted appellant an extension of time to file his response to this court's show cause order.

On July 10, 2014, appellant's court-appointed attorney filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. The brief contains no response to the jurisdictional issue raised by this court. Accordingly, the jurisdictional issue will be CARRIED WITH THE APPEAL.

Counsel informed the appellant of his right to file his own brief and provided appellant with a form motion for requesting the appellate record. *See Kelly v. State*, No. PD-07-02-13, 2014 WL 2865901, at *3 (Tex. Crim. App. June 25, 2014); *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). On July 17, 2014, appellant filed a motion for pro se access to the appellate record. The State has filed a letter waiving its right to file an appellee's brief unless the appellant files a pro se brief.

Appellant's motion to access the record is GRANTED. The clerk of this court is instructed to send a paper copy of the clerk's record and reporter's record for this appeal to appellant with this order.

If, after reviewing the record, appellant desires to file a pro se brief, he must do so within thirty days from the date of this order. *See Bruns*, 924 S.W.2d at 177 n.1. If the appellant files a pro se brief, the State may file a responsive brief no later than thirty days after the date the appellant's pro se brief is filed in this court. It is further ORDERED that the motion to withdraw, filed by appellant's counsel, is HELD IN ABEYANCE pending further order of the court.

Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of July, 2014.

Keith E. Hottle
Clerk of Court