

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00188-CR

Mike **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0287
Honorable Mary D. Román, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  January 28, 2015

AFFIRMED

Mike Davis pled not true to violating the conditions of his deferred adjudication community

supervision; however, the trial court found the violations to be true, adjudicated Davis's guilt, and

sentenced him twenty years' imprisonment.  Davis's court-appointed attorney filed a brief

containing a professional evaluation of the record in accordance with *Anders v. California*, 386

U.S. 738 (1967).  Counsel concludes that the appeal has no merit.[1]  Counsel provided Davis with

---

[1] In his *Anders* brief, counsel does contend that the trial court's judgment should be modified because in the section of the judgment in which court costs are assessed, the judgment states, "PLUS ATTY FEES."  Because appellant is indigent, counsel asserts that the assessment of attorney's fees against Davis is erroneous.  After counsel filed the

a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). No *pro se* brief was filed.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Davis wish to seek further review of this case by the Texas Court of Criminal Appeals, Davis must either retain an attorney to file a petition for discretionary review or Davis must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH

---

*Anders* brief, however, a supplemental clerk's record was filed containing the bill of costs which states, "APPOINTED ATTY" and includes 0.00 for attorney's fees. Therefore, the record reflects that no attorney's fees were assessed against Davis.