

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00319-CR

Shy Angelo **CASARES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR1070
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: May 6, 2020

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant Shy Angelo Casares entered a plea of nolo contendere to aggravated assault with a deadly weapon. The trial court deferred a finding of guilt, placed him on community supervision for five years, and assessed a fine of $1500. The State later moved to revoke his community supervision on two grounds.

At a hearing on the motion to revoke, Casares pled "true" to violating two conditions of his community supervision. The trial court then revoked his community supervision, adjudicated him guilty, sentenced him to two years' confinement, and assessed a fine of $1500.

Casares's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes the appeal has no merit. Counsel provided Casares with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Casares did not file a pro se brief.

After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Casares wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Beth Watkins, Justice

Do Not Publish