

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00886-CR

Zachariah Paul **ZECHES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR0558
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed:  October 14, 2020

MOTION TO WITHDRAW GRANTED; AFFIRMED

The State charged appellant Zachariah Paul Zeches with two counts of aggravated sexual assault. Zeches entered a plea-bargain agreement under which the State proceeded on only the first count and recommended punishment of no more than ten years' confinement and a $1,200 fine. At the plea-bargain hearing, the trial court heard the terms of the agreement, and Zeches pled no contest. Zeches then filed an application for deferred adjudication, and on November 22, 2016, the trial court deferred a finding of guilt, placed Zeches on community supervision for seven years, and assessed a fine of $1,200.

In April of 2017, the State moved to revoke Zeches's community supervision, alleging he violated multiple conditions of his community supervision, but the trial court continued Zeches on deferred adjudication. In November of 2019, the State again moved to revoke Zeches's community supervision, alleging Zeches violated the conditions of his community supervision because he failed to possess a smartphone with the required internet monitoring service, was suspended from his sex offender treatment program, and failed to report changes to his email address as required by his court-ordered sex offender treatment program.

At a hearing on the motion to revoke, Zeches pled true to violating two of the above specified conditions of his community supervision. The trial court found Zeches violated each of the conditions alleged by the State, revoked his community supervision, adjudicated him guilty, sentenced him to seven years' confinement, and assessed a fine of $1,200. Zeches timely filed this appeal.

Zeches's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes the appeal has no merit. Counsel provided Zeches with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Zeches did not file a pro se brief.

After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Zeches wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed

within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Beth Watkins, Justice

Do Not Publish