

# Fourth Court of Appeals
## San Antonio, Texas

April 25, 2022

No. 04-21-00530-CR

Rosemary Lynn **BRYAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR5923W
Honorable Ron Rangel, Judge Presiding

# O R D E R

On March 23, 2022, we abated this case, remanded the case to the trial court, and ordered the trial court to conduct a hearing to determine whether appellant desired to prosecute the appeal, whether appellant was indigent, and whether counsel abandoned the appeal. The trial court held the hearing and determined appellant desired to prosecute the appeal and counsel had not abandoned the appeal. Appellant's court-appointed attorney has now filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues to raise on appeal. Counsel certifies he served copies of the brief and motion on appellant, informed appellant of her right to review the record and file her own brief, informed appellant of her right to seek discretionary review should the court of appeals declare the appeal frivolous, and provided appellant with a form for requesting the record and explained to appellant the procedure for obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). As of the date of this order, appellant has not filed the record request motion provided to her by her counsel.

If appellant desires to file a pro se brief, we **order** she do so **by May 25, 2022**. If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court. We further **order** the motion to withdraw filed by appellant's counsel held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80–82 (1988) (holding that motion to withdraw should not be ruled on before appellate court independently reviews record to determine whether counsel's evaluation that

FILE COPY

appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410–11 (Tex. Crim. App. 2008).

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

  IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of April, 2022.



_Michael A. Cruz_
MICHAEL A. CRUZ, Clerk of Court