

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00689-CR

Calvin Pierre **HOPKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR10972
Honorable Ron Rangel, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 25, 2023

AFFIRMED AS MODIFIED

Appellant Calvin Pierre Hopkins entered a no-contest plea to one count of sexual assault of a child. The trial court deferred adjudication of guilt and placed Hopkins on community supervision for eight years. The State filed a motion to adjudicate alleging Hopkins had violated the terms and conditions of community supervision. Hopkins pled not true to the State's allegations and, after an evidentiary hearing, the trial court found the State's allegations true, adjudicated guilt, and sentenced Hopkins to 20 years in prison. Hopkins's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386

U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Hopkins with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Hopkins did not file a *pro se* brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is modified to reflect that Hopkins entered a plea of not true to the motion to adjudicate guilt and affirmed as so modified. Appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Hopkins wish to seek further review of this case by the Texas Court of Criminal Appeals, Hopkins must either retain an attorney to file a petition for discretionary review or Hopkins must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Beth Watkins, Justice

DO NOT PUBLISH