Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00770-CR

Richard **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-0249
Honorable Sharon MacRae, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   September 9, 2009

AFFIRMED

After entering a plea of no contest on September 5, 2008, the trial court ordered a pre-sentence investigation and reset the matter for sentencing. Approximately one month later, the trial court found Appellant Richard Gonzales guilty of the offense of sexual assault and sentenced Gonzales to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Gonzales appeals the trial court's sentence.

Gonzales's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Gonzales with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Gonzales filed a pro se brief on May 18, 2009, asserting counsel was ineffective in advising him to enter a plea of no contest.

After reviewing the record, counsel's brief and the pro se response, we agree that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or pro se response but should only determine if the appeal is frivolous); *see also Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999) (noting record on direct appeal generally is not sufficiently developed to defeat presumption that counsel rendered effective assistance but also noting claim can be raised by a post-conviction application for writ of habeas corpus). The judgment of the trial court is, therefore, affirmed.

Furthermore, we grant appellate counsel's motion to withdraw. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Gonzales wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP.

P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of

Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.


Rebecca Simmons, Justice

Do not publish