*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00037-CR

Melvin **RICHARDSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-4368
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   October 14, 2009

AFFIRMED

After entering a plea of nolo contendere on April 4, 2007, the trial court found Appellant

Melvin Richardson guilty of the offense of abandonment of a child with intent to return. The trial

court subsequently sentenced Richardson to two years confinement in a State Jail Facility, suspended

and probated for a term of two years. On January 8, 2009, after entering a plea of true to five counts

on the State's motion to revoke probation, the trial court revoked Richardson's probation and sentenced Richardson to two years in the State Jail Facility. Richardson appeals the trial court's sentence on his revocation.

Richardson's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes the appeal has no merit. Counsel provided Richardson with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Richardson filed a pro se brief on June 3, 2009 asserting counsel was ineffective in advising him to enter a plea of no contest, and the trial court erred in failing to listen to Richardson's arguments and failing to admonish Richardson that his probation could be revoked based on his plea of true.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or pro se response but should only determine if the appeal is frivolous); *see also Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999) (noting record on direct appeal generally is not sufficiently developed to defeat presumption that counsel rendered effective assistance but also noting claim can be raised by a post-conviction application for writ of habeas corpus). The judgment of the trial court is, therefore, affirmed.

Furthermore, we grant appellate counsel's motion to withdraw. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Richardson wish

to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed with this court within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court, and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.2, 68.4. Thereafter, the petition for discretionary review will be forwarded by this court to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7.

Rebecca Simmons, Justice

Do Not Publish