Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00922-CR

Leroy William **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR1615
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   October 12, 2011

AFFIRMED

On December 14, 2009, pursuant to a plea-bargain agreement, Leroy William Smith pled nolo contendere to the offense of failure to register as a sex offender and was sentenced to three years of imprisonment. His sentence was then suspended, and he was placed on community supervision for three years. On July 1, 2010, the State filed a motion to revoke his community supervision, and on October 29, 2010, the State filed an amended motion to revoke. At the revocation hearing, Smith pled true to having violated a condition of his community supervision.

The trial court then found that Smith had violated a condition of his community supervision, revoked his community supervision, and sentenced him to three years of imprisonment. Smith then filed a notice of appeal.

Smith's court-appointed appellate attorney has filed a brief in which she concluded that this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel stated that appellant was provided with a copy of the brief and motion to withdraw and was further informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Indeed, on August 1, 2011, Smith filed a pro se brief.

We have reviewed the record, counsel's brief, and Smith's pro se brief. We agree with Smith's counsel that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

DO NOT PUBLISH