Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00183-CR

Kenneth James **NOBLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR7668A
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:    November 9, 2011

AFFIRMED

Pursuant to a plea-bargain agreement, Kenneth James Noble pled nolo contendere to the offense of aggravated kidnapping and on October 12, 2009, was granted deferred adjudication community supervision for a period of ten years. On February 21, 2011, the State filed a motion to revoke community supervision and enter an adjudication of guilt. At the revocation hearing, Noble pled "not true" to having committed a new offense in violation of Condition 1 of his community supervision. However, he pled "true" to having failed to pay his costs, fines, and fees

in violation of Condition 10. On February 22, 2011, the trial court revoked Noble's community supervision, adjudicated his guilt, and sentenced him to ten years of imprisonment and a fine of $1500. Noble then filed a notice of appeal.

Noble's court-appointed appellate attorney has filed a brief in which he concludes that this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that appellant was provided with a copy of the brief and motion to withdraw and was further informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Noble has not filed a pro se brief.

We have reviewed the record and counsel's brief. We agree with Noble's counsel that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

Do not publish