

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00271-CR

Lilnifty General **WILSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8462
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:     Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:   October 2, 2013

AFFIRMED

Appellant was indicted for the offense of retaliation. After entering a plea of nolo contendere, appellant was placed on deferred-adjudication community supervision for a period of five years pursuant to a plea-bargain agreement. On March 18, 2013, the State moved to revoke his community supervision and enter an adjudication of guilt. On March 28, 2013, appellant pled true to having violated the terms and conditions of his community supervision, and the trial court revoked his community supervision, adjudicated his guilt, and sentenced him to four years of imprisonment and a $1500 fine. Appellant then filed a notice of appeal. His court-appointed

appellate attorney filed a brief in which he concludes that this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that appellant was provided with a copy of the brief and motion to withdraw and was further informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Appellant did not file a pro se brief.

We have reviewed the record and counsel's brief. We agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 68.4.

Karen Angelini, Justice

Do not publish