

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00643-CR

Lonnie **PRICE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR9144
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  September 2, 2015

AFFIRMED

Appellant, Lonnie Price, pled no contest to the charge of burglary of a habitation.  On June 11, 2013, the trial court signed an Order of Deferred Adjudication, suspended appellant's sentence, and placed him on community supervision for two years.  Later, the State moved to revoke appellant's community supervision on several grounds, including new offenses of evading arrest and assault, as well as failure to take a drug test in compliance with the terms of his community supervision.  At a hearing on the motion to revoke, appellant pled "true" to violating a condition of his community supervision, but he pled "not true" to the two new criminal offenses.  On June

17, 2014, the trial court revoked appellant's deferred adjudication community supervision, signed a Judgment Adjudicating Guilt, and sentenced appellant to twenty years' confinement. On appeal, appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. Counsel concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). Appellant was informed of his right to review the record and of his right to file a *pro se* brief.

Appellant filed a *pro se* brief raising various fact issues related to his arrest for burglary of a habitation and asking this court to review the case "due to lack of evidence and hearsay." Appellant did not appeal from the June 11, 2013 Order of Deferred Adjudication. We also note that the "Trial Court's Certification of Defendant's Right of Appeal" signed after the original plea agreement states this case "is a plea-bargain, and the defendant has NO right of appeal." Therefore, we do not consider appellant's *pro se* complaints related to the Order of Deferred Adjudication.

After reviewing the record, we agree the appeal from the Judgment Adjudicating Guilt is frivolous and without merit. Accordingly, we affirm the trial court's judgment, and we GRANT appellate counsel's motion to withdraw. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.