Lonnie Price, Appellant
     VS.

**1346-15**

ORIGINAL

THE STATE OF TEXAS, Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 03 2015

Abel Acosta, Clerk

Cause #
2011-CR-9144
trial Cause # 04-14-00643-CR

Pro se Petition for Discretionary Review

Offense - Burglary/habitation

List of parties: Bexar county District Attorney Susan D. Reed
Assistant District Attorneys Jennifer McDaniel,
Catherine Hayes, Kelsey Downing, Lorina Rummel,
Todd Winslow, Tanner Neidharot, and Melissa Saenz
District Attorney Nico LaHood
Pat Montgomery represents Appellant in the instant appeal
case, Michael Latimer represented the Appellant at the
trial court
Honorable Judge Maria Teressa Herr presided over the
Court proceedings

COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

Price. VS. TX

On Fact:

on October 25, 2011 ~~and~~ An True bill of indictment
was filed. for the offense of Burglary habitation Force
Cause # 2011CR9144 on the indictment it states "on or about
the 16th day of september 2011, Lonnie price Jr did intentionally and knowingly
enter a habitation, and therein attempted to commit and committed theft without
the effective Consent of Irene Dukes, the ~~owner~~ owner." I argue the Fact
that I was never found of any stolen merchandise and
was never on those premises, stated on the San antonio

police Report I was arrested for probable cause.

on Fact:
Stated in the supplementary report witness 1- Allen stated he observed Actor 2- price ride by the location at this time actor-1 price was wearing white shorts. I argue the fact that I've been placed as Actor 1 and Actor 2 and on the supplementary report Actor 1 is Woolridge Ronald and Actor 2 is price Lonnie. It States That I was wearing white shorts, noted on the police Report I was wearing a yellow shirt and black shorts and woolridge Ronald Was a Red Shirt and white shorts I argue the fact that the witness observed woolridge Ronald ride by the location of the burglary and not me

on Fact:
I argue on the fact that the witness James edward Allen did not see anyone enter a home but James edward Allen States he seen Two males walk into the driveway of the home that was burglarized nowhere in the report does it say James edward allen seen two males enter the house this is grounds for a new trial.

on Fact:
I argue on these grounds that my fingerprints was not found at the location of the burglary nor

Was any stolen merchandise found in my possesion and i did not fit the description the witness has given These should be grounds of mistrial.

Not only do I question the Attorney I had Did He really Just didnt care Because all the errors im finding A Blind man can see.

on Fact:

I was given two years probation for something I didnt do I took probation to get out of Jail I violated probation and was sentenced to twenty years in prison I argue the fact that I've been wrongfully sentenced and been given way to much time for violating probation.

I argue the fact that the Courts please give me a new trial or reduction of sentence on my behalf of being wrongfully ~~sub~~ sentenced.

on Fact:

Due to the lack of my legal ~~knowld~~ knowledge I ask the Courts to please accept this as my Pro se for petition for discretionary review.

Respectfully Submitted, Lonnie price
11-25-15



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00643-CR

Lonnie **PRICE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR9144
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:   Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Jason Pulliam, Justice

Delivered and Filed:  September 2, 2015

AFFIRMED

Appellant, Lonnie Price, pled no contest to the charge of burglary of a habitation. On June 11, 2013, the trial court signed an Order of Deferred Adjudication, suspended appellant's sentence, and placed him on community supervision for two years. Later, the State moved to revoke appellant's community supervision on several grounds, including new offenses of evading arrest and assault, as well as failure to take a drug test in compliance with the terms of his community supervision. At a hearing on the motion to revoke, appellant pled "true" to violating a condition of his community supervision, but he pled "not true" to the two new criminal offenses. On June

17, 2014, the trial court revoked appellant's deferred adjudication community supervision, signed a Judgment Adjudicating Guilt, and sentenced appellant to twenty years' confinement. On appeal, appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. Counsel concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). Appellant was informed of his right to review the record and of his right to file a *pro se* brief.

Appellant filed a *pro se* brief raising various fact issues related to his arrest for burglary of a habitation and asking this court to review the case "due to lack of evidence and hearsay." Appellant did not appeal from the June 11, 2013 Order of Deferred Adjudication. We also note that the "Trial Court's Certification of Defendant's Right of Appeal" signed after the original plea agreement states this case "is a plea-bargain, and the defendant has NO right of appeal." Therefore, we do not consider appellant's *pro se* complaints related to the Order of Deferred Adjudication.

After reviewing the record, we agree the appeal from the Judgment Adjudicating Guilt is frivolous and without merit. Accordingly, we affirm the trial court's judgment, and we GRANT appellate counsel's motion to withdraw. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.

Lonnie Price # 1939616
Soe ney unit
114 Private Road 4303
Hondo Texas 78861

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 NOV 30 PM 2:27

Keith E. Hottle
KEITH E. HOTTLE, CLERK

78205-303799

Fourth court of appeals district
Cadena-Reeves Justice center
300 Dolorosa, suite 3200
San antonio, Texas 78205

FOREVER