

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00494-CR

Roy Joseph **ROBLEDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR2392
Honorable Ron Rangel, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:         Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice
                 Irene Rios, Justice

Delivered and Filed:  April 4, 2018

AFFIRMED

On August 5, 2015, Roy Robledo pleaded guilty to the offense of family violence pursuant to a negotiated plea agreement. The trial court assessed punishment at eight years' deferred adjudication community supervision and fined Robledo $1,250.00. On May 17, 2017, the State filed an amended motion to adjudicate guilt and to revoke Robledo's community supervision. During a revocation hearing held on July 6, 2017, Robledo pleaded true to three allegations he violated the terms of his community supervision. The trial court revoked Robledo's community

supervision, adjudicated him guilty, and sentenced him to four years' imprisonment. Because we conclude this appeal is frivolous and without merit, we affirm the trial court's judgment.

Robledo's court-appointed appellate counsel filed a brief with this court representing that he conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Robledo's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why he concluded the appeal is without merit. Counsel states he reviewed the indictment and evidence adduced at trial, as well as the record of the revocation hearing. The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel provided Robledo with copies of counsel's *Anders* brief and motion to withdraw and informed Robledo of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Additionally, counsel advised Robledo to file a motion in this court if he wished to review the appellate record and enclosed a form motion for that purpose. *See id*; *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we set deadlines for Robledo to file any motion for the record and any *pro se* brief. Robledo did not file a *pro se* brief.

After reviewing the record and counsel's *Anders* brief, we conclude there is no reversible error and agree this appeal is frivolous and without merit. Accordingly, the judgment of the trial

court is affirmed, and appellate counsel's request to withdraw is granted.[1] *Nichols*, 954 S.W.2d at

86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Robledo wish to seek further review of this case by the Texas Court of Criminal Appeals, Robledo must either retain an attorney to file a petition for discretionary review or Robledo must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.