

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00048-CR

Jerry Louis **ZULAICA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CR-10438
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: January 30, 2019

AFFIRMED

On November 3, 2016, Jerry Louis Zulaica was charged by indictment with two counts. The first count charged that Zulaica intentionally or knowingly causing bodily injury to a child who was fourteen years of age or younger, and the second count charged that Zulaica recklessly caused bodily injury to a child who was fourteen years of age or younger. Zulaica then entered into a plea-bargain agreement in which the State agreed to proceed only on Count I, to recommend deferred adjudication to the trial court, and to a fine of $1,500.00. On February 13, 2017, Zulaica pled no contest and was placed on community supervision deferred adjudication for a period of

two years and fined $1,500.00 in accordance with his plea-bargain agreement. On May 30, 2017, the State filed a motion to enter an adjudication of guilt and revoke Zulaica's community supervision, alleging that he had failed to report to his supervision officer in person for the months of March and April of 2017 in violation of Condition No. 5 of his community supervision. On October 26, 2017, the State supplemented its motion to revoke, adding allegations that on October 21, 2017, in violation of Condition No. 1 of his community supervision, Zulaica had committed the offenses of criminal trespass of private property and resisting arrest-search-transport. At the hearing on December 13, 2017, Zulaica pled true to having violated Condition No. 1 by committing the offenses of criminal trespass of private property and resisting arrest-search-transport. That same day, the trial court found that Zulaica twice violated Condition No. 1 of his community supervision. The trial court then revoked Zulaica's community supervision, adjudicated his guilt, and sentenced him to four years of imprisonment. Zulaica timely filed a notice of appeal.

Zulaica's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why no arguable points of error exist for review and concludes that this appeal is frivolous and without merit. *See id.* at 744-45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744-45; *High*, 573 S.W.2d at 812-13. Counsel states that Zulaica was provided with a copy of the brief and motion to withdraw, and was further informed of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Additionally, counsel advised Zulaica that if he wished to review the record, he must file a motion in this court; counsel enclosed a form motion for that purpose. *See id.* Zulaica did not file such a motion and did not file a pro se brief.

We have reviewed the record and counsel's brief. We agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Liza A. Rodriguez, Justice

Do not publish

---

[1]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.