

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00237-CR

Flanzo Lafont **TOWNES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR0764
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: January 30, 2019

MOTION TO WITHDRAW GRANTED; AFFIRMED

A jury found Flanzo Townes guilty of murder, and the trial court assessed punishment at thirty years' imprisonment. Townes's conviction was affirmed on appeal. *See Townes v. State*, 04-10-00796-CR, 2012 WL 566000 (Tex. App.—San Antonio Feb. 15, 2012, pet. ref'd). On July 14, 2014, Townes filed two *pro se*, post-conviction motions pursuant to Texas Code of Criminal Procedure article 64.01, in which he requested forensic DNA testing and asked the trial court to compel the collection and testing of a hair sample (the "Hair Motion"). On August 21, 2014, the trial court signed an order granting the motion for forensic DNA testing. Thereafter, the State

sought clarification of which DNA the trial court ordered tested. On November 28, 2017, the trial court signed an order clarifying which DNA was to be tested. On March 8, 2018, following a hearing, the trial court signed an order denying Townes's Hair Motion. Townes timely filed a notice of appeal and seeks to appeal the trial court's denial of the Hair Motion pursuant to article 64.05. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05.

Because we conclude this appeal is frivolous and without merit, we affirm the trial court's order.

Townes's court-appointed appellate counsel filed a brief with this court representing that she conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Townes's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why she concluded the appeal is without merit. Counsel states she reviewed the State's response to the motion, the hearing transcript, and the trial court's order denying the Hair Motion. The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n. 3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel provided Townes with copies of counsel's *Anders* brief and motion to withdraw and informed Townes of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Additionally, counsel advised Townes to file a motion in this court if he wished to review the appellate record and enclosed a form motion for that purpose. *See id*; *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we set deadlines for Townes to file any motion for the record and any *pro se* brief. Townes requested the record and filed a *pro se* brief.

After reviewing the record and counsel's Anders brief, as well as Townes's pro se brief, we conclude there is no reversible error and agree this appeal is frivolous and without merit. Accordingly, the judgment of the trial court is affirmed, and appellate counsel's request to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Townes wish to seek further review of this case by the Texas Court of Criminal Appeals, Townes must either retain an attorney to file a petition for discretionary review or Townes must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.