

# Fourth Court of Appeals
## San Antonio, Texas

March 8, 2019

No. 04-18-00512-CR

**EX PARTE** Steven **ROBLES**,

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1302-W1
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

On January 2, 2019, appellant's court-appointed attorney filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserted there were no meritorious issues to raise on appeal. In a separate affidavit, counsel attested he served copies of the brief and motion on appellant, informed appellant of his right to review the record and file his own brief, and provided appellant with a copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

After consideration, we determined the brief and affidavit filed by appointed counsel failed to meet the requirements of *Anders*. We ordered appointed counsel's *Anders* brief stricken and the brief to be redrawn. We further ordered appellant to notify appellant that he has *pro se* right to seek discretionary review should the court of appeals declare the appeal frivolous. On January 29, 2019, appointed counsel filed an affidavit, attesting he informed appellant of his *pro se* right to seek discretionary review. On February 13, 2019, appointed counsel also filed an amended brief which complies with the *Anders* requirements.

During that time, appellant filed a pro se "Motion to Obtain Transcripts and Clerk's Supplemental Record" seeking a "copy of the transcript and supplemental clerks record. . . ." This Court granted that relief, and on February 13, 2019, we mailed appellant a copy of the clerk's record and supplemental clerk's record. For these reasons, we **DENY** appellant's "Motion to Obtain Transcripts and Clerk's Supplemental Record." We note, however, that the court reporter has not filed a reporter's record in this cause because there is no reporter's record.

In addition, appellant filed a pro se "Motion Relating to Informalities in Record Objection" raising, among other things, substantive challenges to his conviction. After consideration, we **DENY** that motion and advise appellant that legal arguments describing

reasons for reversal of his conviction should be presented in his pro se brief if he desires to file one. *See* TEX. R. APP. P. 38.

If appellant desires to file a pro se brief, we **ORDER** that he do so on or before **April 22, 2019.** At this time, the State has filed a notice waiving its right to file a brief in this case unless appellant files a pro se brief. If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court.

We further **ORDER** the motion to withdraw filed by appellant's counsel held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (holding that motion to withdraw should not be ruled on before appellate court independently reviews record to determine whether counsel's evaluation that appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same).

We **order** the clerk of this court to serve a copy of this order on appellant, her appointed counsel, the attorney for the State, and the clerk of the trial court.

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of March, 2019.

KEITH E. HOTTLE,
Clerk of Court