

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00719-CR

Steven Douglas **MASON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR7672
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 22, 2019

AFFIRMED

Pursuant to a plea bargain agreement, appellant Steven Mason pleaded *nolo contendere* to the theft of a vehicle valued between $2,500.00 and $30,000.00. On October 23, 2017, the trial court deferred the adjudication of guilt, placed Mason on community supervision for a period of four years, and assessed a $1,000.00 fine. On June 5, 2018, the State filed a Motion to Enter Adjudication of Guilt and Revoke Community Supervision and, on July 10, 2018, filed an amended motion to adjudicate. On August 29, 2018, the trial court revoked Mason's community supervision and entered an adjudication of guilt. The trial court assessed punishment at two years'

imprisonment with a $1,000.00 fine. Because we conclude this appeal is frivolous and without merit, we affirm the trial court's judgment.

Mason's court-appointed appellate counsel filed a brief with this court representing that he conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Mason's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why he concluded the appeal is without merit. Counsel states he reviewed the indictment and evidence adduced at trial, as well as the record of the revocation hearing. The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel provided Mason with copies of counsel's *Anders* brief and motion to withdraw and informed Mason of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Additionally, counsel advised Mason to file a motion in this court if he wished to review the appellate record and enclosed a form motion for that purpose. *See id*; *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we set deadlines for Mason to file any motion for the record and any *pro se* brief. Mason did not request access to the record or file a *pro se* brief.

After reviewing the record and counsel's *Anders* brief, we conclude there is no reversible error and agree this appeal is frivolous and without merit. Accordingly, the judgment of the trial

court is affirmed, and appellate counsel's request to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed.  Should Mason wish to seek further review of this case by the Texas Court of Criminal Appeals, Mason must either retain an attorney to file a petition for discretionary review or Mason must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.