

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00268-CR

Stacy James **SPENCER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2340
Honorable Ron Rangel, Judge Presiding

Opinion by:      Rebeca C. Martinez, Justice

Sitting:         Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed: February 19, 2020

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Stacy James Spencer pled guilty to the third-degree felony offense of assault of

a household member, which was enhanced to a second-degree felony by a prior assault conviction.

*See* TEX. PENAL CODE ANN. § 22.01(b).  Spencer was sentenced on June 27, 2018, to ten years'

incarceration, which was suspended for ten years of community supervision.  On September 19,

2018, the State filed a motion to revoke Spencer's community supervision, which resulted in

Spencer's conditions of community supervision being amended.  On March 19, 2019, the State

filed a second motion to revoke Spencer's community supervision.  During a revocation hearing

held on April 18, 2019, Spencer pled "true" to violating two conditions of his community supervision. After receiving Spencer's sworn testimony, the trial court found the allegations that Spencer violated conditions of his community supervision to be "true." The trial court revoked Spencer's community supervision and reformed the sentence to six years' imprisonment, crediting Spencer for the time he served while incarcerated on the charge. Two months later, the trial court signed a nunc pro tunc order that corrected the time credited. Spencer now appeals.

Spencer's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. Counsel concludes that the appeal has no merit. Counsel provided Spencer with a copy of the brief and informed him of his right to review the record and to file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Spencer thereafter filed a *pro se* brief. After reviewing the record, counsel's brief, and Spencer's *pro se* brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Spencer wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* 68.4.