

# Fourth Court of Appeals
## San Antonio, Texas

March 18, 2020

No. 04-19-00732-CR

Eric Nathaniel **REEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR11077
Honorable Ray Olivarri, Judge Presiding

# O R D E R

Appellant's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. Counsel certifies he served copies of the brief and motion on appellant, informed appellant of his right to review the record and file his own brief, informed appellant of his right to seek discretionary review should the court of appeals declare the appeal frivolous, and provided appellant with a form for requesting the record and explained to appellant the procedure for obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). On March 16, 2020, appellant filed the form motion requesting a copy of the appellate record.

After consideration, we **GRANT** appellant's request for a copy of the clerk's record and reporter's record. If appellant desires to file a pro se brief, we **ORDER** that he do so **by May 4, 2020.** At this time, the State has filed a notice waiving its right to file a brief in this case unless appellant files a pro se brief. If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court.

We further **ORDER** the motion to withdraw filed by appellant's counsel held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80–82 (1988) (holding that motion to withdraw should not be ruled on before appellate court independently reviews record to determine whether counsel's evaluation that appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410–11 (Tex. Crim. App. 2008) (same).

_____

Beth Watkins, Justice

     IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of March, 2020.



_____

Michael A. Cruz,
Clerk of Court