

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00361-CR

Stephen **BAUTISTA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 14-03-048-CRW
Honorable Russell Wilson, Judge Presiding

Opinion by:      Rebeca C. Martinez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Irene Rios, Justice

Delivered and Filed: April 15, 2020

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Stephen Bautista pled guilty to the third-degree felony offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(f). Bautista was sentenced on August 19, 2014, to ten years' incarceration, which was suspended for five years of community supervision. On October 18, 2016, the State filed a motion to revoke Bautista's community supervision, which the State later dismissed upon Bautista agreeing to a sanction of thirty days' confinement in jail. On January 3, 2018, the State filed a second motion to revoke Bautista's community supervision, which was later amended. On April 3, 2019, Bautista filed a plea bargain agreement and stipulations, in which

he pled "true" to violating a condition of his community supervision. The plea bargain agreement specified the plea was an "[o]pen plea" because there was no agreed sentencing recommendation. On May 23, 2019, the trial court held a revocation hearing, at which two witnesses for the State testified regarding alleged violations of Bautista's conditions of community supervision. Three of Bautista's siblings testified in support of continued community supervision. After receiving testimony, the trial court found Bautista had violated a condition of his community supervision. The trial court revoked Bautista's community supervision and reformed the sentence to eight years' imprisonment, crediting Bautista for the time he had served while incarcerated on the charge. Bautista now appeals.

Bautista's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. Counsel concludes that the appeal has no merit. Counsel provided Bautista with a copy of the brief and the motion to withdraw, informed Bautista of his right to review the record and to file his own brief, and informed Bautista how to obtain a copy of the record, providing him with a form motion for access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We issued an order setting a deadline for Bautista to file a *pro se* brief. However, Bautista did not request the appellate record or file a brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed, and appellate

counsel's motion to withdraw is granted.[1]  *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed.  Should Bautista wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.