

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00005-CR

Raymond Corey **SOTO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR6115
Honorable Velia J. Meza, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: January 27, 2021

AFFIRMED

Appellant Raymond Corey Soto appeals the trial court's judgment revoking his community

supervision.  Because we conclude this appeal is frivolous and without merit, we affirm the trial

court's judgment and grant counsel's motion to withdraw.

On February 22, 2018, Soto pleaded nolo contendere to the offense of cruelty to a non-

livestock animal and the trial court sentenced him to five years in prison.  On August 21, 2018, the

trial court suspended execution of Soto's sentence and placed Soto on community supervision for

five years.  Thereafter, the State filed a motion to revoke community supervision and a first

amended motion to revoke community supervision. On December 13, 2019, the trial court revoked Soto's community supervision. Soto appealed.

On appeal, Soto's court-appointed appellate counsel filed a brief stating he conducted a professional evaluation of the record and determined there are no arguable grounds to be advanced on Soto's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). With citations to the record and legal authority, counsel explains why he concluded the appeal is without merit. Counsel states he thoroughly reviewed the record in the underlying criminal proceeding, as well as the record of the revocation hearing. The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *Id.* at 744–45; *Stafford v. State*, 813 S.W.2d 503, 509–10, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).

Counsel provided Soto with copies of counsel's *Anders* brief and motion to withdraw, and informed Soto of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Additionally, Soto requested a copy of the appellate record and obtained the same from the Bexar County District Clerk. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Thereafter, we set the deadline for Soto to file a *pro se* brief. Soto did not file a *pro se* brief.

After reviewing the record and counsel's *Anders* brief, we conclude there is no reversible error and agree this appeal is frivolous and without merit. Accordingly, the trial court's judgment

is affirmed, and counsel's motion to withdraw is granted.[1]  *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Irene Rios, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed.  Should Soto wish to seek further review of this case by the Texas Court of Criminal Appeals, Soto must either retain an attorney to file a petition for discretionary review or Soto must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.