

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00464-CR

Troy David **CAMPEAU**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 16-755-CR
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
    Irene Rios, Justice
    Liza A. Rodriguez, Justice

Delivered and Filed: May 19, 2021

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Troy David Campeau was convicted by a jury of the Class A misdemeanor offense of burglary of a vehicle. *See* TEX. PENAL CODE ANN. § 30.04(a), (d). Campeau was sentenced to a term of nine-months' confinement in the Kendall County Jail and a fine of $2,000. Campeau now appeals.

Campeau's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. Counsel concludes that this appeal is frivolous and without merit. Counsel provided Campeau

with a copy of the brief and the motion to withdraw as well as a copy of the appellate record. Counsel also informed Campeau of his right to review the record and to file his own brief.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).  Campeau thereafter filed a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  Accordingly, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.[1]  *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed.  Should Campeau wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.