

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00268-CR

Sean Michael **EARL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR4829W
Honorable Jennifer Pena, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:      Rebeca C. Martinez, Chief Justice
           Luz Elena D. Chapa, Justice
           Beth Watkins, Justice

Delivered and Filed: July 20, 2022

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Sean Michael Earl pled guilty to the state jail felony offense of possession of less than one gram of a penalty group one controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(2), 481.115(a), (b); TEX. PENAL CODE ANN. § 12.35. On June 20, 2018, the trial court ordered that adjudication of guilt be deferred, and it placed Earl on community supervision for four years. On April 13, 2021, the State filed a motion, seeking an adjudication of guilt and the revocation of Earl's community supervision. On May 13, 2021, the trial court held a revocation hearing, at which Earl pled "true" to violating a condition of his community supervision. After

receiving this plea, the trial court found Earl had violated a condition of his community supervision and revoked Earl's community supervision. The trial court then adjudicated him guilty and assessed a sentence of incarceration for three years, crediting Earl for the time he had served while incarcerated on the charge or in treatment prior to revocation. On May 25, 2021, the trial court re-sentenced Earl and pronounced a sentence of incarceration for one year, crediting Earl for the time he had served while incarcerated on the charge or in treatment prior to revocation.[1] Earl now appeals.

Earl's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. Counsel concludes that the appeal has no merit. Counsel provided Earl with a copy of the brief and the motion to withdraw, informed Earl of his right to review the record and to file his own brief, and informed Earl how to obtain a copy of the record, providing him with a form motion for access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We issued an order setting a deadline for Earl to file a *pro se* brief; however, Earl did not file a brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed, and appellate

---

[1] Based on time served, judgment was satisfied when it was pronounced. Nevertheless, this appeal is not moot because there may be continuing collateral consequences from Earl's felony conviction. *See Sibron v. New York*, 392 U.S. 40, 55–56 (1968); *Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985); *United States v. Wright*, 774 F. App'x. 127, 128 (4th Cir. 2019) (explaining *Anders* appeal was not moot although appellant had satisfied his sentence); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) ("In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).")

counsel's motion to withdraw is granted.[2] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[2] No substitute counsel will be appointed. Should Earl wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.