

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00106-CR

James **MEYER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR8062
Honorable Joel Perez, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Lori Massey Brissette, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: March 25, 2026

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant James Meyer was charged with, and subsequently convicted of, possessing fentanyl in an amount of four grams or more, but less than 200 grams. Although Meyer was initially placed on probation, it was later revoked, and he was sentenced to two years' imprisonment. Meyer's counsel filed an *Anders* brief and moved to withdraw from representation.

**BACKGROUND**

On September 18, 2023, the State charged Meyer with possession of a controlled substance, namely fentanyl, in an amount between 4 and 200 grams. The indictment also included a repeat offender- enhancement allegation. On September 3, 2024, Meyer and the State entered into a plea agreement under which the State waived the enhancement allegation and recommended a sentence of eight years' confinement, suspended and probated for eight years.

During the term of community supervision, the State filed a motion to revoke alleging that Meyer violated the conditions of his probation by committing new offenses—including smuggling of persons and possession of a controlled substance—and by leaving Bexar County without permission. On February 13, 2025, Meyer pled true to the allegation that he left Bexar County without authorization. The trial court found the allegation true, reformed the underlying judgment, and sentenced Meyer to two years' confinement in the Texas Department of Criminal Justice–Institutional Division. Meyer timely filed a notice of appeal.

**DISCUSSION**

Counsel's *Anders* brief asserts that, after reviewing the record, he found no issues, which if brought in good faith, would result in reversible error on appeal. The brief does not present any substantive arguments; instead, counsel concludes that "there are no issues which can be brought in good faith which could result in reversible error." Counsel provided Meyer with a copy of the brief and informed him of his right to review the record and file his own brief. This court notified Meyer of the deadline to file his *pro se* brief. Meyer did not file a *pro se* brief.

Although counsel's filing satisfies the procedural requirements of *Anders v. California*, 386 U.S. 738 (1967), we are required to conduct an independent review of the entire record to determine whether any arguable grounds for appeal exist. *Garner v. State*, 300 S.W.3d 763, 765–

66 (Tex. Crim. App. 2009). After independently reviewing the record, we conclude that no arguable grounds for appeal exist and that the appeal is wholly frivolous. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam) (explaining that when an appellate court determines there are no arguable grounds, it should affirm the trial court's judgment); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.) (same). Consequently, we affirm the trial court's judgment.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed, and we grant counsel's motion to withdraw.

Velia J. Meza, Justice

DO NOT PUBLISH